[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Rene M. Guitton appeals the decision of CT Page 6850-Q the board of firearms permit examiners denying the renewal of his permit to carry a pistol or revolver. The board affirmed the action of the defendant commissioner, who had originally denied the plaintiff's application to renew his permit. The commissioner and the board acted pursuant to General Statutes § 29-32b. The plaintiff appeals pursuant to § 4-183. The court finds the issues favor of the defendants.
The essential facts are not in dispute. Prior to November 1992, the plaintiff was the holder of a permit to carry a pistol or revolver pursuant to General Statutes § 29-28. In accordance with § 29-30, he filed an application with the department of public safety for renewal of the permit. The state police division of that department conducted an investigation and determined that the plaintiff had been convicted of disorderly conduct and possession of marijuana in 1981 and convicted again of possession of marijuana in 1992. On the basis of those convictions, the state police concluded that the plaintiff was not suitable to receive a permit and rejected his application.
The plaintiff appealed the decision of the state police to the board. In the "Arrest Record" form, which the plaintiff was required to submit to the board in conjunction with his appeal, the plaintiff noted the 1992 conviction but did not mention the 1981 convictions.
The board held an evidentiary hearing. The plaintiff appeared and testified, and representatives of the state police also appeared and gave evidence and testimony. The plaintiff admitted that the Arrest Record form he submitted did not disclose his entire history, but he claimed that his wife completed the form and he signed it without checking it thoroughly. He also claimed that he was innocent of the 1992 marijuana charge but pleaded guilty to save the time and expense of defending himself.
Following the hearing, the board rendered a final decision affirming the denial of the plaintiff's application. Citing the undisputed facts summarized above, the board concluded that the plaintiff is "an unsuitable person" to hold a permit.
The plaintiff filed an appeal of the board's CT Page 6850-R decision in the Superior Court for the Judicial District of Stamford/Norwalk at Norwalk on April 14, 1993. Counsel for the plaintiff and the defendants filed briefs. The record of the administrative hearing has been filed. This court scheduled a hearing on the appeal at the Superior Court in Hartford on July 20, 1994, and counsel were notified. The Assistant Attorney General representing the defendant commissioner and the board appeared. Counsel for the plaintiff did not appear. The clerk of the court contacted counsel by telephone and was informed that he would not be present and that he waived oral argument. The Assistant Attorney General likewise waived oral argument.
As set forth in his brief, the plaintiff's sole contention on appeal is that the board erroneously concluded, on the basis of the evidence before it, that the plaintiff is not a "suitable" person to have a permit.
General Statutes § 29-28 sets forth the criteria for obtaining a permit to carry a firearm. The statute provides, in relevant part, that the applicant must be "a suitable person to receive a permit."
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. "Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54,4-166 through 4-189), and the scope of that review is very restricted. . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency]. . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations and internal quotations marks omitted.) Boardof Education v. Freedom of Information Commission,208 Conn. 442, 452 (1988).
With respect to statutory interpretation, our law also restricts the court's range. "Although the construction and interpretation of a statute is a question of law for the courts to decide . . . it is a well CT Page 6850-S established practice of (the) court to accord great deference to the construction given (a) statute by the agency charged with its enforcement." Starr v.Commissioner of Environmental Protection, 226 Conn. 358,372 (1993). The board is responsible for enforcing the statutes in question, and the court is required, therefore, to accord great deference to its interpretation of them.
In the present case, the board based its finding of unsuitability on the undisputed facts of the plaintiff's prior convictions of drug charges and his failure to disclose his complete criminal record in the document she filed with the board. Under these circumstances, the court cannot say that the board acted arbitrarily or abused its discretion in reaching the conclusion that it did.
The appeal is dismissed.
MALONEY, J.